**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**EDGAR PHILLIPS,**

        **Petitioner,**

**v.**                              **Civil Action No. 5:05cv86**
                                              **5:05cv87**
                              **Criminal Action No. 5:95CR33-01**
                                         **5:95CR34-01**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**REPORT AND RECOMMENDATION
28 U.S.C. § 2255**

**I.  BACKGROUND**

On April 1, 1996, the petitioner pleaded  guilty to Count 1 in Criminal Action Number 5:95CR33-01, interstate domestic violence, in violation of 18 U.S.C. §2261(a).  The petitioner also pleaded guilty to Count 1 in Criminal Action Number 5:95CR33-01, conspiracy to distribute crack cocaine in violation of 21 U.S. §846.  On August 15, 1996, the Court sentenced the petitioner to 120 months on Count 1 of Criminal Action Number 5:95CR33-01 and to 235 months on Count 1 of Criminal Number 5:95CR34-01 with the sentences to run concurrently.

The petitioner did not appeal his conviction. However, he did file a §2255 motion on September 24, 1995, which the Court dismissed on procedural grounds on February 28, 2000. Thereafter, on February 9, 2001, the petitioner filed a second §2255 motion seeking to vacate, set aside, or correct his sentence in light  of Apprendi v. New Jersey, 530 U.S. 466 (2000).[1]  The

---

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "[t]he Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a

motion was denied on July 17, 2002.  On August 12, 2002, the petitioner filed a notice of appeal and request for certificate of appealability, which was denied by the Court on August 23, 2002. Likewise, the United States Court Of Appeals for the Fourth Circuit denied certificates of appealability on December 31, 2002.

The petitioner filed his current §2255 motion on June 28, 2005.  In support of his motion, the petitioner alleges that his sentence violates his Sixth Amendment Rights and is illegal because it was based on mandatory guidelines that have since been found unconstitutional.  In support of his allegations, the petitioner cites Blakely,  Booker, and Dodd[2].

This matter, which  is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

## II. ANALYSIS

Section 2255 provides as follows regarding  a second or successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

reasonable doubt."

[2]Blakely v. Washington, 542 U.S. 296 (2004) as an extention of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
  Recently, the Supreme Court held that Blakely applies to Federal sentencing guidelines. United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).
  In Dodd v. United States, the Supreme Court held that "[t]he 1-year limitation period under ¶ 6(3) begins to run  on the date on which this Court 'initially recognized' the right asserted in an applicant's motion, not the date on which that right was made retroactive." Because neither  Blakely nor Booker is retroactive to cases on collateral review, Dodd has no bearing on the instant petitioner's motion.

no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first §2255 motion was considered on the merits. The petitioner's current §2255 motion challenges the same sentence as was challenged in his first §2255 motion. Thus, the undersigned finds that the current §2255 motion is a successive motion. However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court. Thus, pursuant to 28 U.S.C. §2244 and 28 U.S.C. §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

The Court finds that transfer of the petitioner's §2255 motion to the Fourth Circuit is not warranted because the Supreme Court has not ruled that Blakely and Booker apply retroactively to collateral review. See Tyler v. Cain, 533 U.S. 656 (2001)(for purposes of authorizing a second or successive petition, the Supreme Court must declare that a new rule of constitutional law is retroactively applicable to collateral review.) See also, In re Anderson, 396 F. 3d 1336 (11th Cir. 2005)(denied the petitioner's motion for leave to file a second or successive §2255 motion because the Supreme Court has not made Booker retroactive to cases on collateral review).

Accordingly, it is recommended that the petitioner's §2255 motion be dismissed for lack of jurisdiction.

## III.  RECOMMENDATION

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **DENYING WITH PREJUDICE** the §2255  motion  of Edgar Phillips and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Memorandum Opinion and Report and Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are  made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[3]

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner.

Dated: October 27, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).